**UNITED STATES of America, Appellee**

v.

**Michael Anthony GIBBS, a/k/a Marcus James Alston, Appellant.**

No. 06–3110.

United States Court of Appeals,
District of Columbia Circuit.

June 8, 2007.

Roy Wallace McLeese, III, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

Billy L. Ponds, Ponds Law Firm, Washington, DC, for Appellant.

Before: GINSBURG, Chief Judge, and HENDERSON and GRIFFITH, Circuit Judges.

### JUDGMENT

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of the parties. It is

**ORDERED AND ADJUDGED** that the Order of the District Court be affirmed for

the reason given in the attached Memorandum Opinion.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

### MEMORANDUM OPINION

Michael Gibbs appeals the district court's order denying his motion to dismiss his indictment for Unlawful Reentry of a Removed Alien, in violation of 8 U.S.C. § 1326(a). Gibbs argues the Government cannot establish the element of § 1326(a) requiring that he have been lawfully deported. In particular, Gibbs maintains *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), undermined the validity of his deportation order. Assessing whether the Antiterrorism and Effective Death Penalty Act (AEDPA) applied retroactively to applications pending on the date the statute became effective, the Supreme Court held that relief under § 212(c) of the Immigration and Nationality Act of 1952 remains available "for aliens . . . whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." *Id.* at 326, 121 S.Ct. 2271. Gibbs, who did not enter a plea agreement and went to trial, argues that *St. Cyr* means his deportation proceedings were "pretermitted" and therefore he was not lawfully deported.

The district court rejected this argument, concluding "Gibbs cannot meet the second requirement of § 1326(d)" because he "was not deported before his appeal was finalized and [he] was not deprived of judicial review." The court reasoned that

*St. Cyr* was immaterial because Gibbs could not show his deportation proceeding somehow deprived him of judicial review; indeed, it was reviewed in the Fourth Circuit. Gibbs pleaded guilty but reserved his right to pursue this appeal of the denial of his motion to dismiss.

We need not decide whether *St. Cyr* makes the AEDPA's restriction upon relief under § 212(c) inapplicable to deportees who went to trial. Even if the AEDPA does not apply, Gibbs would be entitled only to consideration of his application for a discretionary waiver of deportation under § 212(c); Gibbs would still not have been deprived of the opportunity for judicial review. As the district court explained: "[t]he subsequent decision in *St. Cyr* does not invalidate the finality of the Fourth Circuit's decision; it only reverses the Fourth Circuit's rationale."

Because a collateral attack upon a deportation order made to defend against an indictment for violation of 8 U.S.C. § 1326(a) requires that the defendant meet all three requirements listed in § 1326(d), and Gibbs does not meet at least the second one, the Order of the District Court is affirmed.